**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLA MOORER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE:  2:24-cv-00114-MHT-KFP** |
| | ) | |
| **ENTERPRISE HOLDINGS, INC., and** | ) | |
| **ELCO-SOUTH CENTRAL, LLC,** | ) | |
| **Defendants.** | ) | |

**REPORT OF PARTIES' PLANNING MEEETING**

1.      The following persons participated in a Rule 26(f) conference on April 30, 2024:

Amardo Wesley Pitters representing the Plaintiff and

Gordon L. Blair representing the Defendants.

2.      **Synopsis of the Case**:

**Plaintiff's position:**  At all times material hereto the plaintiff was employed with the defendants in a managerial capacity at one of the defendants' branches of Enterprise Rent-A-Car. The plaintiff contends that the defendant engaged in unlawful discriminatory employment practices against her, specifically wrongful termination by the defendants.  The plaintiff's unlawful discriminatory termination alleges racial animus. She is an African-American/Black ethnicity.  She alleges that Kimberly Barkley, Head of Human Resources (HR Manager) terminated her employment and in so doing told her that despite my number of years with the company (3 years) and not having any prior discipline, the only way to make sure the offense alleged committed in violation of company policy does not happen again is for her to be no longer employed with the company.  The offense she allegedly committed that violated defendants' policy was not removing a gun left in a return rental vehicle prior to renting it to another customer. Ms. Barkley is white. So too is Shannon Maxwell, Regional Manager.  So too is Area Manager Andrew Reagan.  She met with all three as her superiors relative to their decision on her initially being suspended without pay on or about February 16, 2022 and subsequently being terminated on February 22, 2022. Plaintiff alleges that after the representations of Ms. Barkley at her termination meeting, white male managerial employee Roman Pratt, a Branch Manager of Enterprise Rent-A-Car, committed the same offense. He was not terminated.  He remains employed with Enterprise, this being not his first commission of the same offense but, of paramount importance, his second.  He committed the same offense before the plaintiff was fired and again after she was fired.  The plaintiff submits that evidently the representation of Ms. Barkley that the only way to make sure the offense does not occur again is her separation of employment from Enterprise, is false.

Plaintiff contends that she has been the victim of unlawful employment discrimination by her employer, the defendants, Enterprise Holdings, Inc. and ELCO-SOUTH CENTRAL, LLC, in violation of rights secured and guaranteed to her pursuant to Title 42 U.S.C. Section 1981. That she has been subjected to a deprivation of rights against said unlawful termination due to her race and specifically disparate treatment relative to the same.

**Defendants' position:**   Defendant Enterprise Holdings, Inc. denies it ever employed plaintiff, much less violated her employment rights.  Defendant Enterprise Leasing Company – South Central, LLC, misidentified as "ELCO South Central, LLC," admits it employed plaintiff but denies that it discriminated against her when it terminated her employment.  The company discharged her for legitimate, non-discriminatory reasons unrelated to her race.  Specifically, the company discharged plaintiff for gross violation of its vehicle inspection practices resulting in rental of a vehicle to a customer with a firearm inside the open compartment on the driver's side door panel.

Plaintiff, a Management Assistant, alleges the company discriminated against her because it did not terminate a white Branch Manager at another location for engaging in the same misconduct. However, the undisputed evidence will show that the Branch Manager did not engage in the same misconduct and that, as the EEOC found, he is not a proper comparator in the first place.

Pursuant to Federal Rule of Civil Procedure 10(c), defendants readopt all defenses set forth in their respective Answers as if fully set forth herein.

3.      **Discovery Plan**: The parties propose this discovery plan:

(a)     Discovery will be needed on these subjects: Plaintiff's claims, damages, and facts in support of Defendants' defenses.

(b)     All discovery to be commenced in time to be completed by **November 15, 2024**.

(c)     Maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service.

(d)     Maximum of 25 requests for production by each party to any other party.  Responses due 30 days after service.

(e)     Maximum of 15 requests for admission by each party to any other party.  Responses due 30 days after service.

(f)     Maximum of 4 depositions by Plaintiff and 4 depositions by Defendants.

(g)     Each deposition is limited to a maximum of 7 hours, exclusive of breaks, unless extended by agreement of the parties.

(h)     Supplementations under Rule 26(e) are due no later than 30 days before discovery

concludes.

(i)     All discovery can be exchanged electronically pursuant to Federal Rule of Civil Procedure 5(b)2(E).

4.     **Initial Disclosures:**  The parties shall exchange the initial disclosures required by Rule 26(a)(1) by **May 17, 2024**.

5.     **Electronically Stored Information:**  To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement by the parties or upon a ruling by the Court for such information in that format.

6.     **Claw Back:**  The parties agree that documents or other discovery materials that are produced and which contain privileged information or materials protected by the attorney work-product protection doctrine shall be immediately returned to the original sender if the documents or materials were inadvertently produced. Further, the production of any document or other materials by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production. A party who produces documents, materials, or information without intending to waive a claim of privilege does not waive that claim under the Federal Rules of Civil Procedure or the Federal Rules of Evidence if, within 30 days after the producing party actually discovers that such production was made, the producing party notifies the other party in writing identifying the material or information produced and stating the privilege asserted. Upon receipt of the timely notification, the receiving party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege. If the producing party complies with the requirements of this provision, any inadvertent disclosure described above will not act as a waiver of privilege or protection in this case or in any other federal or state court proceeding, or any other legal proceeding. This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and nothing herein shall be construed as limiting the applicability or substantive provisions of Federal Rule of Evidence 502.

7.     Reports from retained experts under Fed. R. Civ. P. 26(a)(2):

From Plaintiff:  **August 13, 2024**

From Defendants:  **September 13, 2024**

8.     Supplementation of disclosures and discovery under Fed. R. Civ. P. 26(a)(2) is due as soon as reasonably possible after new information is discovered, but no later than 30 days prior to the close of discovery.

3

9. <u>Other Items</u>:

   (a)  The parties do not request a conference with the court before the entry of the scheduling order.

   (b)  The parties propose a pre-trial conference in **April 2025**.

   (c)  The Plaintiff should be allowed until **June 5, 2024**, to join additional parties and to amend the pleadings.

   (d)  The Defendants should be allowed until **July 5, 2024**, to join additional parties and to amend the pleadings.

   (e)  All potentially dispositive motions should be filed by **December 13, 2024**.

   (f)  The parties are discussing the possibility of settlement and mediation.

   (g)  The parties agree to move the Court for entry of its standard HIPAA Protective Order and Plaintiff shall execute necessary authorizations for release of relevant protected health information.

   (h)  Final lists of witnesses and exhibits to be presented at trial under Rule 26(a)(3) are due 42 days prior to trial.

   (i)  The parties have 14 days after service of final lists of witnesses and exhibits under Rule 26(a)(3) to file objections.

   (j)  The parties agree to provide each other copies of non-party subpoenas for documents at least 7 business days prior to issuance to assess and assert objections.

   (k)  The case should be ready for trial by **May 2025**, and at this time is expected to take approximately 3-4 days.

*THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT GORDON L. BLAIR WILL E-FILE THE FOREGOING REPORT OF PARTIES' PLANNING MEETING.*

Dated:  May 2, 2024

4

*/s/ Amardo Wesley Pitters (w/permission)*
Amardo Wesley Pitters
Law Offices of A. Wesley Pitters, P. C.
1145 South Perry Street (36104)
P.O. Box 1973
Montgomery, AL 36102-1973
P: 334-265-3333 | F: 334-265-3411
awpitters@pitterslawfirm.com

**ATTORNEY FOR PLAINTIFF**
**Charla Moorer**

*/s/ Gordon L. Blair*
Gordon L. Blair
Amy Q. Glenos
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
T: 205-328-1900 | F: 205-328-6000
gordon.blair@ogletree.com
amy.glenos@ogletree.com

**ATTORNEYS FOR DEFENDANTS**
**Enterprise Leasing Company - South**
**Central, LLC and Enterprise Holdings,**
**Inc.**