IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLA MOORER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-CV-114-MHT-KFP |
| | ) |
| ENTERPRISE HOLDINGS, INC., and | ) |
| ELCO-SOTUH CENTRAL, LLC., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Upon consideration of the Joint Motion for Agreed Protective (Doc. 17), it is ORDERED that the motion is GRANTED and that the parties and all interested non-parties will be governed by the following provisions agreed to and submitted by the parties:

1. "Confidential Information" as used herein shall mean all documents and other things produced or otherwise disclosed or authorized to be disclosed (including information in the possession, custody, or control of a third party and authorized to be released through the issuance of a subpoena or otherwise) by or to any party to this action which relate to the parties and/or nonparties and/or confidential and proprietary information that is designated as such by the parties in accordance with paragraph 2 below.

2. Any document, writing, or thing constituting Confidential Information shall be designated as such by the producing party either by marking each page of each document or writing or thing in plainly legible stamp or print: "CONFIDENTIAL," or by designating in writing to opposing counsel that documents produced by that party, authorized to be

disclosed by third parties pursuant to the issuance of a subpoena, or otherwise disclosed by third parties, should be designated as "CONFIDENTIAL" or treated in accordance with the restrictions provided herein. In the case of a deposition, Plaintiff or Defendant may designate all or any portion of a deposition as "Confidential Information" by so stating in writing after receipt of the transcript or by so stating on the record during the course of the deposition. After any such designation, all or any portion of the transcript so designated shall be subject to the terms of this Order.

    3.    Neither the parties nor their counsel shall give, show, or otherwise divulge any designated Confidential Information, or the substance or contents thereof, or any copies or summaries thereof, to any person or entity except:

    (a)    Plaintiff, any management employees of Defendant otherwise involved in the defense of the case or oversight of the litigation, and any witnesses in the case;

    (b)    The parties' counsel and their respective associates, clerks, legal assistants, and stenographic and videographic personnel;

    (c)    Employees, experts, and consultants employed or retained by the parties' counsel in connection with this action; and

    (d)    Such other person(s) as hereafter may be designated by written stipulation of the parties.

    4.    No person or entity covered in paragraphs 3(a), (b), (c), and (d) above shall give, show, disclose, make available, communicate, or otherwise use any Confidential Information in any manner whatsoever except in the prosecution or defense of this case

and any appeal of the above-captioned action unless prior permission is granted by order of the Court. The fact that the information sought to be used was previously produced shall not be construed as a waiver of any objections which might otherwise be raised in ruling on the motion.

5. Any person or entity covered in paragraphs 3(a), (b), (c), and (d) above shall be given a copy of this Order and shall act in accordance with the terms and provisions of this Order.

6. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing the document or material in question consents in writing to such disclosure.

7. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds of relevance, undue burden, vagueness, attorney-client privilege, attorney-work product doctrine, self-evaluative privilege, or other legal basis supported by the Federal Rules of Evidence or applicable statute or law; nor shall it relieve a party of the necessity of proper response or objection to discovery requests or preclude either party from seeking from the Court further relief, protective orders, or a modification of this Order.

8. Within thirty days after the conclusion of this matter, upon the request of the opposing counsel, all confidential documents produced by each party and all excerpts of summaries thereof shall be returned to the producing party's counsel by the opposing party's counsel or destroyed; provided, however, that copies may be kept by counsel of any pleading, brief, or document submitted to the Court, deposition and/or trial transcripts

and exhibits thereto, and correspondence or other documents as necessary to fulfill obligations set forth by the State Bar, all of which are subject to this Order.

9. The parties further agree that the Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

Done this 21st day of May, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE